UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| UNITED STATES OF AMERICA, )<br>)<br>v. )<br>)<br>ROBERT L. NEWELL &, )<br>JAMES J. PARISI, JR. )<br>)<br>Defendants. )<br>) | Docket no. 1:08-CR-56-P-S |

**ORDER ON MOTION TO DISMISS**

Before the Court is Defendant Newell's Motion to Dismiss (Docket # 42). As briefly explained herein, the Court DENIES the Motion.

Defendant Newell is currently facing multiple charges for an alleged conspiracy to defraud the United States, the alleged misapplication of federal funds awarded to the Passamaquoddy Tribe Indian Township Reservation, as well as allegedly making false statements and filing false claims with the United States. The Indictment charging Newell with these offenses covers a time period in which Newell was the lawfully elected tribal governor of the Passamaquoddy Tribe Indian Township Reservation. Via the pending Motion to Dismiss, Newell asserts multiple bases for dismissal of the Indictment, including the sovereign immunity of the Passamaquoddy Tribe and failure of the Government to comply with the process laid out in the Indian Self-Determination and Education Assistance Act, 25 U.S.C. § 450 et seq.

With respect to Newell's invocation of tribal sovereign immunity, the Court first notes that the First Circuit has endorsed "[t]he general rule . . . that tribal sovereign immunity does not protect individual members of an Indian tribe." Narragansett Indian Tribe v. Rhode Island, 449 F.3d 16, 30 (1st Cir. 2006) (citing Puyallup Tribe, Inc. v.

Dep't of Game, 433 U.S. 165, 171-72 (1977)).[1]  In opposing Defendant Newell's Motion to Dismiss, the Government relies on this rule and invokes the holding of the First Circuit in United States v. Boots, 80 F.3d 580 (1st Cir. 1996), overruled on other grounds by Pasquantino v. Unites States, 544 U.S. 349 (2005) (holding that a scheme to defraud a foreign nation of tax revenue violates the wire fraud statute).  In relevant part, the Boots decision affirmed convictions for wire fraud despite the defendants' arguments that the charges, which involved bribing the Passamaquoddy Police Chief, were barred by the tribal sovereign immunity of the Passamaquoddy Tribe.  In so ruling, the First Circuit explained that tribal sovereign immunity does not apply to the "category of general offenses that apply equally to Native Americans," especially when there is "an independent federal interest . . . [that] support[s] this application of the statute."  Id. at 593.  In the Court's assessment, the offenses charged in the pending indictment are similarly general offenses that apply equally to Native Americans, thus giving the Government an independent federal interest in applying the statutes despite the incidental involvement of an individual who served the Passamaquoddy Tribe in an official capacity.

As noted by Defendant Newell and conceded by the Government, 25 U.S.C. § 1725(c), which is part of the Maine Indian Claims Settlement Act, 25 U.S.C. 1721 et seq., does remove federal criminal jurisdiction within Maine as to certain offenses.  However, Defendant's assertion that this removal of federal jurisdiction extends to the charges

---

[1] In invoking that general rule, the First Circuit acknowledged that there was some disagreement as to whether tribal sovereign immunity could be extended to tribal officers "when such officers are acting within the legitimate scope of their official capacities." Id. (citing Tamiami Partners v. Miccosukee Tribe of Indians, 177 F.3d 1212, 1225 & n.16 (11th Cir. 1999) & Santa Clara Pueblo v. Martinez, 436 U.S. 49, 59 (1978)).  The Government essentially alleges that Newell was acting outside the legitimate scope of his official capacity.  Thus, the Court believes that this potential extension of sovereign immunity is inapplicable here based on the current record.  Defendant is, of course, free to renew such an argument at or after trial in accordance with Federal Rule of Criminal Procedure 29.

made against Defendant Newell is without merit. The crimes charged in this matter are not listed in 25 U.S.C. § 1725(c). To the extent that Defendant invokes § 1725(c)'s listing of 18 U.S.C. § 1152, the Court does not believe that the charges brought depend upon federal enclave jurisdiction. See, e.g., United States v. Yannott, 42 F.3d 999, 1004 (6th Cir. 1994) (holding "that § 1152 and its exceptions apply only to federal laws where the situs of the crime is an element of the offense; § 1152 and its exceptions do not affect the application of general federal criminal statutes to Indian reservations"). Therefore, the Court concludes there is no basis for dismissing the Indictment pending against Defendant Newell based on tribal sovereign immunity.

Similarly, the Court concludes there is no merit to Defendant's argument that the Indictment should be dismissed based on the Government's failure to comply with the Indian Self-Determination and Education Assistance Act, 25 U.S.C. § 450 et seq. As indicated in the Government's Response, § 450m of the statute lays out procedures for the recoupment of improperly managed federal funds by the Secretary of the Interior. These statutory procedures apply to administrative actions and civil cases. In short, the statute, by its plain language, has no relevance to the criminal prosecution of this matter and contains no requirement that compliance with its procedures is a prerequisite to the Government pursuing criminal charges.

For these reasons, the Court hereby DENIES Defendant Newell's Motion to Dismiss (Docket # 42).

SO ORDERED.

    /s/ George Z. Singal  
    Chief U.S. District Judge

Dated this 25th day of September, 2008.