UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| UNITED STATES OF AMERICA )<br>)<br>v. )<br>)<br>ROBERT L. NEWELL &, )<br>JAMES J. PARISI, JR., )<br>)<br>Defendants. )<br>) | Docket no. 1:08-CR-56-GZS |

**ORDER ON MOTION TO WITHDRAW**

Before the Court is the Motion to Withdraw as Counsel by Attorney Erickson (Docket # 88 & 97), which was filed on October 22, 2008, and the Pro Se Motion to Substitute Legal Counsel (Docket #101), which was filed on October 27, 2008. The Court held a hearing on October 27, 2008. The Court now DENIES both Motions.

Attorney Erikson has acted as appointed counsel for Robert Newell since March 7, 2008, when Newell received appointed counsel following his receipt of a target letter. The Indictment, which contains 30 counts against Defendant Newell, was filed on March 19, 2008. The Government has produced voluminous discovery on a rolling basis since April 2008. It completed production of Jencks Act material by September 22, 2008, in accordance with this Court's order that the material be produced at least 30 days before trial. Trial in this case is set to commence on November 3, 2008. This trial date was officially announced on September 16, 2008.[1] (See Docket # 68.)

In deciding a motion to withdraw, the Court must consider the timeliness of the motion as well as "whether the conflict between the defendant and his counsel [is] so great that it result[s] in a total lack of communication preventing an adequate defense." United States v. Allen, 789

---

[1] In fact, this trial date is the later of two trial dates the Court discussed with counsel on September 4, 2008. (See Docket # 63.)

1

F.2d 90, 92 (1st Cir. 1986). In order to adequately consider both of these issues the Court held a hearing at which both Defendant Newell and Attorney Erickson were invited to give the Court any information in support of the Motion outside the presence of the Government.

With respect to timeliness, the Court finds the Motions, which were filed one week prior to jury selection and less than two weeks prior to trial, are untimely. See United States v. Reyes, 352 F.3d 511, 515 (1st Cir. 2003) (holding that motion to withdraw filed a week before trial was untimely and collecting cases similarly holding); United States v. Pierce, 60 F.3d 886, 891 (1st Cir. 1995) (discussing the problems with motions to withdraw that entail "a last-minute continuance"). In addition to considering the timing of the motions in connection with November 3, 2008, the Court also considers the timeliness of the motions with respect to when the alleged conflict developed. Mr. Newell represented at the hearing that the problems he has with Attorney Erickson trace back to this past summer when Newell was not given copies of discovery and when Attorney Erickson did not allow him to review motion papers prior to the papers being filed.[2] To the extent that these issues were producing a conflict between Mr. Newell and Mr. Erickson, they could have been brought to the Court's attention much sooner. Attorney Erickson claimed that he and his client have "drifted apart" since October 2, 2008.[3] On October 2, 2008, both Erickson and Newell knew that trial in this matter was less than a month away and yet they waited almost three weeks to bring the claimed conflict to the Court's attention. In short, by any measure, the Motions are untimely.

---

[2] Attorney Erickson recalled sending Defendant Newell a copy of the Motion to Dismiss (Docket # 42), which was filed on July 25, 2008 and which the Court denied on September 25, 2008 by its Order on Motion to Dismiss (Docket # 70).

[3] Attorney Erickson explained the details of what occurred on or around October 2, 2008 at the hearing on an ex parte basis so the Court will not recount the details in this Order.

Even an untimely motion to withdraw can be granted if the conflict between appointed counsel and client is so great as to prevent a total lack of communication and prevent an adequate defense. However, it is difficult to find such a conflict when the record shows that counsel has provided an adequate defense to-date and when client and counsel have engaged in productive communications in the past. In this case, it is clear to the Court that there has been continuing communication between Attorney Erickson and Mr. Newell. Moreover, it is clear to the Court that Attorney Erickson has been taking the necessary steps to prepare for trial.

At the hearing, Attorney Erikson suggested that he and his client have not been able to engage in meaningful communication in preparation for trial since October 2, 2008. Without recounting confidential communications between counsel and client, the Court concludes that nothing that occurred on or around October 2, 2008 created a conflict resulting in a complete breakdown in communication. The Court notes that Mr. Newell did not specifically point to that date or those actions as what caused him to 'lose faith' in Attorney Erickson. Rather, Defendant Newell invoked the failure to provide him with copies of all discovery, failure to allow him to assist with the drafting and approval of motions and his very recent discovery that Attorney Erickson may have played a role in prosecuting his son approximately five years ago.[4] None of these reasons support the appointment of new counsel at this late date.

To the extent that conversations between Attorney Erickson and Defendant Newell have been less frequent and less productive in the last week, this reflects the fact that both attorney and client were focusing their efforts on the now pending motions. For Mr. Newell, these efforts have included conversations with two other attorneys: Attorney Brown and Attorney Bear. The Court is confident that Mr. Newell can, if he chooses, refocus his attention on having productive

---

[4] Attorney Erickson does not deny that he may have been involved in the case but has no recollection of it and Defendant Newell claims he had no recollection of Erickson's involvement in the case until he recently located a letter from the case with Attorney Erickson's signature on it.

conversations with Attorney Erickson and preparing for trial. Towards the end of today's hearing, Mr. Newell, responding to a question from the Court, indicated that he may not meet with Attorney Erickson to prepare for trial if the Court denies the Motions. However, "a defendant cannot compel a change [of] counsel by the device of refusing to talk with his lawyer." Reyes, 352 F.3d at 516. Similarly, a defendant cannot compel the Court to grant him new counsel and a last-minute continuance, by "firing" his appointed counsel less than two weeks before trial. In short, the Court finds that any recent breakdown in communication is a "unilateral one that [can] be repaired." United States v. Van Anh, 523 F.3d 43, 50 (1st Cir. 2008).

Attorney Erickson has a familiarity with Mr. Newell and this case that is the result of working on the matter for more than seven months. Given the nature of the case and the discovery produced by the Government, it would take any new attorney many months to be ready for trial. The Court will not allow this trial to be continued for that length of time on the record presented. Having listened to both counsel and client, the Court believes that the Motions reflect inevitable "cold feet" that occur in the weeks and days before trial and not simply the culmination of serious conflicts.

Therefore, the Court DENIES the Motion to Withdraw as Counsel by Attorney Erickson (Docket # 88 & 97) and the Pro Se Motion to Substitute Legal Counsel (Docket #101). The trial in this matter will commence on November 3, 2008.

SO ORDERED.

/s/ George Z. Singal
Chief U.S. District Judge

Dated this 27th day of October, 2008.