UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | |
| ) | |
| ROBERT L. NEWELL & ) | Docket no. 1:08-CR-56-GZS |
| JAMES J. PARISI, JR., ) | |
| ) | |
| Defendants. ) | |
| ) | |

**ORDER ON MOTIONS IN LIMINE**

Before the Court are the following motions: (1) Defendant Newell's Motion in Limine (Docket # 111), (2) Government's Motion in Limine to Exclude Certain Exhibits and Limit Certain Argument and Testimony (Docket # 112), and (3) Defendant Parisi's Motion in Limine (Docket # 114). To aid the parties in preparing for trial, the Court provides the below rulings, which are made without prejudice to the parties renewing any and all objections at trial.

**Defendant Newell's Motion in Limine (Docket # 111)**

Via this Motion, Defendant Newell seeks a pretrial ruling excluding under Federal Rule of Evidence Rule 403 all evidence of his "personal income tax problems with the IRS" and "the circumstances under which Mr. Newell left office as Governor of PTIT in 1993." (Def. Mot. in Limine (Docket # 111) at 1.) The Government has responded explaining the extent to which it intends to present and utilize this evidence. (See Gov't Resp. (Docket # 116).) Based on the Government's proffer, the Motion is DENIED WITHOUT PREJUDICE to Defendant renewing his objections at trial. In the Court's view, the Rule 403 balancing with respect to this evidence is best conducted in the context of trial.

**Government's Motion in Limine (Docket # 112)**

Via this Motion, the Government seeks to exclude testimony, argument and other evidence that the Defendants alleged criminal conduct in this case is protected by tribal sovereign immunity. As the Government correctly points out, this issue was already the subject of a motion to dismiss (Docket # 42), which this Court denied. (See Order on Motion to Dismiss (Docket # 70).)

In his response to the Government's Motion in Limine, Defendant Newell states that the evidence that the Government seeks to exclude is relevant to the issue of willfulness. Specifically, Newell asserts, "if [his] bona fide belief that the Maine Indian Claims Settlement Act or the Tribe's inherent right of sovereignty and self determination freed him from the constraints and obligations of the various grants and awards, then his actions were not willful, even if his reliance on, for instance, the Settlement Act, was neither correct as a matter of law, nor objectively reasonable." (Def. Response (Docket # 115) at 2.)

First and foremost, the Court will not allow Defendant Newell to reargue to the jury legal issues already decided in the Court's Order denying his Motion to Dismiss. However, as even the Government acknowledges, "[e]ach defendant is permitted to argue that he lacked the requisite state of mind to commit the crimes with which he is charged." (Gov't Mot. (Docket # 112) at 2.) Thus, the Court is willing to permit each Defendant to present evidence that is relevant to state of mind.

Defendant Newell's Response to the Government's Motion fails to correctly tie his proffered evidence to the intent requirements at issue in this case. To the extent that Defendant's Response relies on Cheek v. United States, 498 U.S. 192 (1991) to define willfulness, the Court notes that it does not believe that Cheek defines willfulness for purposes of the charges at issue

here. See, e.g., Bryan v. United States, 524 U.S. 184, 194-95 (1998) (explaining that in the context of specific provisions of the tax code Cheek laid out "an exception to the traditional rule that ignorance of the law is no excuse"); United States v. Tobin, 480 F.3d 53, 59 (1st Cir. 2007) ("[A]s a general rule, ignorance of the law is not a defense to a criminal prosecution."). Thus, Defendant shall make a proffer outside the hearing of the jury explaining to the Court how the evidence or argument is actually tied to the intent requirement of the charged crimes prior to presenting any evidence or argument of his alleged "genuine belief that federal law did not apply to the Passamaquoddy Government." (Def. Resp. (Docket # 115) at 1.)

The Government's Motion is GRANTED to the extent it seeks to prevent Defendants from rearguing issues presented in Defendant Newell's Motion to Dismiss and/or presenting "ignorance of the law" evidence. However, to the extent either Defendant makes a proffer outside the hearing of the jury that somehow ties the Defendant's understanding of the law to the relevant issue of the Defendant's state of mind, the Court will reconsider this pretrial ruling.

**Defendant Parisi's Motion in Limine (Docket # 114)**

Via this Motion, Defendant Parisi asks the Court for a pretrial ruling excluding the state of PTIT's financial affairs in October 2006 and beyond. Defendant argues that this evidence is irrelevant, especially when the conspiracy charged in the Indictment is alleged to have ended by September 30, 2006. Defendant also expresses concern that some of this evidence, such as "overdue payments to child welfare services" and "personnel layoffs," is unduly prejudicial and should be excluded under Rule 403.

In response, the Government proffers that Governor Nicholas, who took over in October 2006, will be their first witness and will testify that Newell and Paris "left the tribe with approximately $3.5 million of debt." (Gov't Resp. (Docket # 117) at 2.) In the Court's best

pretrial assessment, this testimony is relevant and admissible under Rule 403.  In short, the Court will allow general testimony regarding the financial state of affairs in October 2006.

The Court notes that the Government's Response does not indicate that it intends to present evidence regarding overdue child support and child welfare payments.  Therefore, the Court assumes that the Government does not intend to elicit testimony on any such overdue payments.  To the extent Defendant's Motion sought to exclude this subset of evidence, the Court believes that overdue child support or child welfare payments may not pass Rule 403 muster.  Therefore, the Government is instructed to not present such testimony or argument without first making a proffer to the Court outside the hearing of the jury.

Defendant Parisi's Motion is GRANTED IN PART to the extent it seeks to exclude testimony regarding overdue child support or child welfare payments.  In all other respects, the Motion is DENIED WITHOUT PREJUDICE to Defendant renewing his objections at trial.  In the Court's view, the Rule 403 balancing with respect to this evidence is best conducted in the context of trial.

As explained herein, Defendant Newell's Motion in Limine (Docket # 111) is DENIED WITHOUT PREJUDICE, Government's Motion in Limine to Exclude Certain Exhibits and Limit Certain Argument and Testimony (Docket # 112) is GRANTED, and Defendant Parisi's Motion in Limine (Docket # 114) is GRANTED IN PART AND DENIED IN PART WITHOUT PREJUDICE.  All parties are free to renew their objections at trial.

SO ORDERED.

    /s/ George Z. Singal  
    Chief U.S. District Judge

Dated this 31st day of October, 2008.